Okay, the first case on the docket this morning is 524-1175, City of Effingham, Illinois and Municipal Corporation v. Durga Property Holdings and Ohio Corporation. Is the appellant ready? Here. Okay, you may proceed. Ms. Fitch. May I please the court? Assemblage. Gunners, thank you for having me here today. My name is Emily Fitch. I represent the appellant in this matter, Durga Property Holdings. I will refer to them as Durga this morning. And you have clients here today? I do. Okay. Welcome. Gunners, there are essentially two issues before this court on its most basic level that were addressed in our brief. The first issue is with regard to the denial of a motion to continue. And the second issue is with regard to the motion for summary judgment. We had parsed those out with regard to the motion for summary judgment that it should not have been granted and the motion to reconsider should have been granted. Regarding the motion to continue, I first want to address a few points that were discussed in the brief filed by the appellee, the City of Effingham. And I'll refer to them simply as the city. This counsel appeared in Zoom court June 10th of 2024. An entry of appearance was filed on July 2nd along with a motion to continue. That motion to continue was granted. What was, I believe, not included in the record was essentially that the trial court wished to keep the case moving and would not grant extensive or extended continuances, wanted to get the case resolved because it had been pending for so many years. The second motion to continue was filed on July 24th of 2024. Counsel in the city's brief states that the court did not, in fact, deny that motion to continue. That motion to continue was filed with regard to the motion for summary judgment. Counsel says it was actually withdrawn. It was not denied. The record does state that the trial court asked counsel, this counsel, if we were ready to proceed. We responded yes and later discovered that there were additional supplemental affidavits that were filed on July 25th, the day of the summary judgment hearing. But the judge did ask you whether you were ready to proceed and you acknowledged you were ready to go. The judge did. So I'm confused as to why this is an issue on appeal. This was discussed later in argument when we realized that there were additional affidavits that had been filed the day of. We didn't realize had been filed when the judge asked if we were ready to proceed. They didn't provide you with copies of them? I think they were sent in the morning of court. And we were in court in another courtroom, didn't realize that they had been emailed that morning, I believe. And they didn't give you copies that morning in court? We did receive copies, but at that point, the trial court had already been waiting since the case was set, I believe for an 11 a.m. hearing. The trial court had graciously waited for the other court case to finish, so didn't want to give any more time for counsel to review anything. And based on that, we believe that the motion to continue had been denied. And I would also refer... I just don't understand how it can be denied if you say the opposite. The record doesn't very well on that. I recognize what you're saying is that you got affidavits, but if they handed them to you that morning in court, seems there should have been a red flag there. It's difficult. It's this issue. Right, yeah. There are issues that are left out of the record. It's unfortunate. The trial court essentially was eager to ask counsel to get this matter resolved and didn't want to continue. And counsel could tell that the trial court was ready to proceed and would not have granted a continuation. This isn't the duty on you to make your record? Yes. Yes, it is. I would point out, though, to the court that in the record on the October 2nd, 2024 hearing in the motion to reconsider, and this is in the supplemental record 5241175R4, the trial court, in fact, acknowledged that it denied the motion to continue. Excuse me. And I'll just quote a portion of what the trial court said. So I think the court was correct, based on the long history of this case that the court had reviewed prior to July 25th, to deny the motion to continue. So while the prior record is, to be honest, unclear whether the trial court had denied, whether this was withdrawn, the trial court later acknowledged that that was essentially denied because counsel, when these issues were brought up, that there were new filings the day of a summary judgment hearing, that if any notice we got would have been maybe a few hours, but counsel was in court, didn't have a chance to review, effectively, the motion to continue was denied. And the trial court acknowledged that. More importantly, though, was the fact that there were two filings, a supplemental affidavit and an affidavit of attorney's fees, and this would have been additional attorney's fees. There were prior affidavits that were filed. But both of these supplemental affidavits were filed on July 25th of 2024, the same day of the hearing on the motion for summary judgment. And this is a very, very lengthy document with lots of pleadings and attachments, and DERTA had no opportunity to review those supplemental affidavits and prepare. Based on that, in fact, those filings alone, counsel should have received a continuance to prepare and review those filings for the motion for summary judgment. The next issue before this court is the summary judgment hearing. Now, at the summary judgment hearing, there were arguments by DERTA that there were issues of material facts that were not specifically outlined before the trial court. And counsel, the trial court, for the city of Effingham, does point that out in their appellate brief. The city also focuses on the fact that DERTA did not file a written response to the motion to reconsider, which we will acknowledge is a bad fact, but not fatal. As this court, I'm sure, is aware, summary judgment is only appropriate where pleadings, depositions, admissions on file, together with affidavits, show that there is a genuine issue of material fact. Counsel, to be blunt, what are the material issues of fact? Help me understand what the material issues of fact are. So the main issue is challenging the statutory liens that were filed by the city and attached to the motion for summary judgment. Now, the trial court has to look at everything that's on file when considering a motion for summary judgment. So I specifically point to DERTA's verified answer to the third amendment to the complaint. Specifically, that answer denied allegations in paragraphs 4A through T, specifically stating or denying that any supports that properly perfected a statutory lien under 65 IOCS 5-11-31-1, as the lien notice, failed to identify what work was performed on a particular date or dates and the cost for such work performed on the date or dates. That's one point of issue of material fact, the fact that DERTA denied that in their answer. Is the denial enough in a motion for summary judgment that has affidavits attached? Is the denial enough? Is the denial verified? The denial was verified. Okay. Yes. Is the denial enough? Well, there were also two affidavits, and I think together with those affidavits that that would be sufficient to create issues of material fact. I'm referring to the other affidavits. There is a genuine issue of material fact. It's just a shoulder answer. There were two affidavits with similar allegations, both by Darmond or Betty, and that's in 761 and 772 of the common record. Specifically in those affidavits, Mr. Betty pointed out the amounts in the plaintiff's liens do not accurately reflect the work done on the subject property. Is that the affidavit that you didn't file? You didn't file that affidavit? Correct. That was filed earlier on. I thought that affidavit was filed in support of the motion to stay by DERTA's third counsel. Yes, I believe it was. So that particular affidavit was not directed at the motion for summary judgment. It really was, at least as I read it, looking for some discovery. That is correct. Both of those affidavits were filed prior to, and not necessarily in relation to the motion for summary judgment. But I would argue that the trial court was still required to consider those affidavits, again, because the trial court has to review the entire record in considering a motion for summary judgment. What's the case law in support of that position? I think that Section 2-1005 of the Code of Civil Procedure would reflect that, along with the case of, and it was cited in my brief, it's Maxett, Inc. v. Van Cleve, 231 Illinois TV 229. So we're still getting at the genuine issues of fact here. Yes. The other affidavit of Mr. Betty, again, discussed that there are issues of material fact, denying that his company failed to comply with numerous dates on an agreed work schedule to fix the dangerous and unsafe conditions that were claimed by the city. And Mr. Betty acknowledged that he is an agent of Durga Property Holdings. Those created challenge issues in the liens that were filed by the city, or recorded by the city and then filed along with their motion for summary judgment. These were issues that were brought up prior to the motion to reconsider and prior to the court ruling. After the court ruled on the motion to reconsider, there were additional affidavits that had been submitted to the court. First, an affidavit of, we'll call him Kumar. Help me understand the timing. Were there any affidavits submitted in response to the summary judgment motion, the petition for summary judgment? Not directly in response. They were either before or during the motion to reconsider phase, correct? That would be correct. Okay. And what impact, if any, does your position have on this case? That there wasn't any response to the summary judgment issue? Well, I would still argue that there were issues of material fact, and if there's issues of material facts, then we have to go to trial. Summary judgment can't be granted. Well, not in the motion to reconsider phase, per se, because judgment has already been rendered. But if you have an affidavit that's in the record before the motion for summary judgment is granted, you would agree that the section on motion for summary judgment would allow us to at least review the record? Yes. Okay. Yes. And I would also point out there was not a counter affidavit that was filed, but, again, there was the affidavit for a supplemental affidavit for attorney's fees that was filed on July 25th. Counsel for Durga had no time to file a response to that, potentially asking for a hearing on the issue of attorney's fees or some type of responsive pleading or affidavit or anything. And, arguably, attorney's fees would also create an issue of material fact, or at least the amount of attorney's fees or whether those would be considered reasonable. But attorney's fees are granted in proceedings like this, on foreclosure proceedings, so, right? Yes. Yes. And I don't deny that attorney's fees in some form would be allowed, but Durga had no opportunity to review that supplemental affidavit. But the issue of whether the lien was properly filed, which might defeat the motion for summary judgment, how do we get to that? How do we get to that issue? I think that would be something that would be addressed at trial. So you think that raises the genuine issue of material fact? I do. Okay. And then because of that, the case should be at least to a trier of fact? Yes. Okay. Other than the sufficiency of the statutory liens that Effingham filed against the property, what other facts do you believe are out there that would raise the genuine issue of material fact? Is that it? Just the issue of the attorney's fees, the amount, and the reasonableness. The amount of the attorney fees. Correct. And that would only be if City of Effingham prevails on the case? Correct. Okay. So as far as the substance of the case, have we narrowed it to the sufficiency of the statutory lien as the question of fact? I'm trying to get to Judge's shoulders. Is that what we're talking about in this case? That would be the primary issue. I would say the crux of the case. Are there secondary issues? If the lien is the primary issue, what are the secondary issues of fact? That would be the amounts claimed in the lien, but I think that goes to the issue of the lien, the validity. But there were amounts of money damages that were claimed in the liens that would also be disputed. As well as attorney fees? Correct. Okay. Those would be the secondary issues? Yes. Okay. What about the motion to reconsider? Did you timely file an appeal on that? Yes. Okay. And what do you have to say about the motion to reconsider? Why did the court err? The main reason we had argued was just the misapplication of the law, that there were genuine issues of material fact that the court failed to consider. And then we provided supplemental affidavits that, if anything, went more in depth into what the issues already were that were presented prior to the hearing. Okay. I see your time has concluded, at least temporarily. I have one question. There's a dispute, I believe, in the standard of review on the motion to reconsider. What is your position as to the standard of review on the motion to reconsider? I believe it was de novo. I think we discussed. On the motion to reconsider? Okay. I believe we had argued that it was de novo on the, I don't know how to pronounce it, the Gajda, G-A-J-D-A versus Steele Solutions Firm. It's a 2015 Illinois Pelcourt First District, 142-219. I think your opponent argues that the abuse of discretion standard applies. You disagree with that? Are you relying on this case as de novo standard? We were relying on this case. I think this case specifically discussed that it would be de novo with regard to the misapplication of the law. And if there were other issues, then it could be abuse of discretion. I see. Okay. You'll have a chance for rebuttal once you hear from the accolade. Okay. Thank you. Thank you. Good morning. Good morning. Please look forward. Counsel? My name is Kara Wade. I'm with Taylor Law Offices. I'm here on behalf of the city. This case has been a long one. It kind of felt like fighting shadows sometimes because I never know what they're going to say, and I don't normally have any kind of written document to respond to, so it's kind of difficult. I want to address a couple things. Just as a background, there's been two cases between these parties. The initial one was 19-MR-68. That's where we had the property declared dangerous and unsafe. And there was two orders in that case that concerned this matter. One that was in order on August 7, 2020. It was an agreed order that set out a schedule of work. And that's what counsel was referring to. They're still trying to fight over this order that's long been final, long been upheld, long been challenged, and they failed to overturn it. So the agreed order had a schedule of work. Durga was supposed to complete the work. They didn't. We fought again on November 23, 2020 in that case because they weren't complying. The trial court, after an evidentiary hearing, held that Durga wasn't in compliance, was substantially in noncompliance, and then the court allowed the city to perform the work that was set forth in the August order. So that's where we got the liens. That's where we were authorized, the city was authorized to perform the work that's had issue in the liens in this case. And again, we've had lots of litigation over that case. We've been here before on that case. They've tried the federal court over that matter. So we've litigated it extensively. What I will say is I'll just jump to the motion to continue. I can't disagree that Judge Ogole in the hearing on October 2nd for the motion to reconsider said that the motion was denied. However, he didn't have the benefit of the transcript whenever he made that statement, we'll say. In reality, Ms. Fitch, the second motion to continue was only for a conflict. She didn't ask for discovery. She didn't ask for more time. She just said there was a conflict, a scheduling conflict, which was a little maddening to the city because we had set the hearing based on Ms. Fitch's calendar. So a little frustrated. So we were going to show up. And, of course, we received it mere hours before the actual hearing, which is why I'm a little taken aback by the complaints about that supplemental affidavit because, again, filings are happening fast and furious in this case, oftentimes close to hearings. So it was not denied. But did you file something that morning? We did, and I'd like to address that right now. Okay. So the supplemental affidavit concerned two things. As I beat to death in our brief, we had filed our motion for summary judgment in August of 2023, okay, 11 months before we finally had a hearing, 11 months. So at the time that we filed that, we supported it with an affidavit from the city administrator, and it also included our attorney's fees that had been accrued since the fourth lien because we did this all in phases. The project, I mean, it took a lot of time to fix this building, unfortunately. So there's four separate liens. The last lien was filed in December of 22. And so every time we filed a lien, it included our attorney's fees, which was set forth in the affidavit. So there's been affidavits of attorney's fees going back clear to 2020, and then we didn't support the affidavits with itemized statements. There's lots of information in the liens that apparently DERGA has just never read. So the affidavit only calculated the interest, rather, under a lot of the statute from our filing date of our motion for summary judgment. That's just math. And then it included $6,000 of attorney's fees we had incurred doing extra discovery because DERGA had successfully delayed our hearing on motion for summary judgment. So it had those two issues in it. It wasn't voluminous. So it was updated from the time of the filing of the summary judgment motion to the time of the date of the hearing in terms of attorney's fees and cost and interest. Correct. That's all that was in it. We handed it to counsel. We offered to reserve the issue of attorney's fees if it needed to happen. The court decided not to, mainly because, and I can't express this enough, the court took our motion under advisement. He didn't rule from the bench. They could have and should have filed a response to our motion for summary judgment to the affidavit. If there were objections, they could have and should have immediately filed a response. They didn't. And what's even more maddening is in the brief and the motion to consider. They don't identify any issues in the supplement affidavit. They don't object to our attorney's fees. They don't do it in the brief either. There's no specific objections. There's no, hey, we would have made this argument. Or, hey, this fee seemed incorrect. In reality, we charge under market rate for the work we do for the city because it's a municipality and we see it as a service. So I don't know what the claim would have been, but they didn't raise any. And that's the continual issue with this case. They say there's material facts. They say there's issues with bad liens. What are they? There's four liens. Which date? What lien are you talking about? What is the fact that's the problem? What's the work? You know, they point to Mr. Betty's affidavit. Yeah, I was just going to say they rely on Mr. Betty's affidavit. All he says is that he has concerns about the amounts of the liens. Well, I bet he does. We had to pay prevailing wage. That's just the reality of it. That's the law. They were high. Dirty could have avoided all that by simply doing the work. They didn't. And we had the authorization to perform it. So I assume you don't like the amount of the liens. However, we have sworn testimony from the city administrator that explained, we put the work out for bid. We accepted, the city accepted the lowest responsive bid every time. And that's the truth. They've not contradicted that. They've not argued that the work we performed wasn't authorized under the order. They've not said the contractor didn't perform the work fully. They've not said any contractor, any specific contractor, didn't perform the services as laid out in the invoices. And the idea that they don't have the invoices is complete nonsense. I will point out that the statute, 65 ILCS 5 slash, I always get it wrong. 11-31-1A, doesn't require the city to attach invoices to the liens. All you have to do is identify the work that was performed, the date of the work, and how much the cost was. And we identified the project, we provided the amount, and we provided the date it was paid, and then also our attorney's fees. So the liens provide all the information required by the statute. And then we also provided copies of the invoices that match up with the numbers. That was attached to Mr. Miller's affidavit. And remind me, sorry, this is the last time. The last lien was filed. In December, I want to get you the right date, Judge. December 14th, or December 21st of 2022. And the motion for summary judgment was filed? August 22nd, 2023. So approximately eight months later. So there was eight months' time to present an issue to the last lien. Correct. And, Judge, they received notice of all of them. We provided them to counsel. I mean, none of these were a surprise, and also they're reported. Ms. Fitch was the counsel then. Well, she's the fourth counsel. I said, sorry for her, Judge, but the reality of it is she's actually the fifth counsel for them throughout this whole saga. Understood. What is the status of this case now? When you say this case now, what do you mean, Judge? Is the stay in place? And what is the status? Is all the work done? So, it's an interesting question. So our position is that all of the work required by that August 2020 order has been completed. However, the mall is still not in good shape. There's other issues. And if the stock were closed upon, we'll be starting another case. The sprinkler system in the Rural King suite doesn't work. There's boats in there with oil in it. If they caught fire, the whole building would go. I mean, this is not a... This case isn't going away very quickly. No, ma'am. No, ma'am. And it's an ongoing saga, and we try to work with every owner. I mean, Durga was the last one. We tried to work with every owner. We give them every opportunity. We don't want to be here. This is not what the city wants us to do. However, we follow the rules. We've got the authority. We've recorded the liens. This case isn't about the orders in the 19-MR-68 case. They're still fighting over it. She mentions the affidavit from Kumar. That's all about that order. They're still challenging it. It's a final order that's no longer subject to challenge. That's not before us. It's not before you. So moving to the motion for summary judgment. Again, they're saying that the liens are somehow inefficient, but they've not identified the specific insufficiency. I'm fighting shadows. I don't know how to respond to something when they just make these general statements, and I can't respond to any substance. And this is just a constant case of nonresponse. She makes a big deal about the affidavit. They could have filed a response. They didn't. They still haven't raised an objection. The motion or the affidavits that were filed in support of the motion to reconsider. With me on that? Where am I? Yes. Did those affidavits raise any new issues for you? Judge, the standard for a motion to reconsider is that the facts were not known or could not have been known to the party, not counsel. They tried to seek counsel to the party prior to the order being challenged. They had all of that information, Judge. In fact, most of those had been attached as exhibits to a motion where they were seeking relief from the August 2020 order in the 19MR case in August of 21, two years before we even filed their motion for summary judgment. So they had all that information. And the affidavit from their initial counsel, Mr. Jacob, he signed that on July 6th, well in advance of the July 25th hearing. So there was no reason why that shouldn't have been submitted. I'm just baffled. I mean, every bit of information, they had that information. They didn't argue it before the trial court, and therefore it's forfeited. That's what the Barnard case talks about that. What about this idea that there was some misapplication of the law, which then prompts this whole idea of a de novo review? Can you respond to that? Well, she's not arguing misapplication of the law. She's saying that these were facts that should have been considered. It's factual. It's all fact-based. So you look at the Garner case, and it is abuse of discretion. And the court, how can the court abuse its discretion when they won't provide that information before it entered judgment? That's not, I mean, that's not how our system works. And the only thing before the court at the actual summary judgment motion would have been the prior affidavit. Is that correct? Correct, Judge. And the ones that were filed in response to the motion for stay, first of all, if they had actually raised material facts, I think Ms. Fish would have been stomping her feet in raising those issues during the motion for summary judgment hearing. She didn't. And to say that the trial court should have somehow dug back through the record and found the facts and figured out the arguments whenever Durga themselves didn't even do it, that's preposterous. I mean, that's not, it's their job to respond. It's their job to file a counter affidavit. The prior affidavits don't constitute a counter affidavit to the one filed in support of our motion for summary judgment. It doesn't even, if you dig down and look at them, and I go through it more in detail in our brief, if you dig down and look at them, it doesn't create issues of fact. All it says is that he has concerns about the amounts of the liens, but he doesn't identify what concern or what work wasn't done. And frankly, he doesn't have the foundation. He's not a construction or contractor. He couldn't even provide. He's talking about the betty, yeah. Correct. That's right. I don't even know if he, I mean, we don't even know if he has the foundation to say what work was and wasn't done. So again, can't create material facts when they were filed before we filed the affidavit for the summary judgment motion. And again, in the motion to reconsider, I think I've hit what I need to make the point there is all the information was known beforehand. They should have and could have presented it to the trial court and didn't. To this day, they have not filed anything in the trial court that would have raised specifically the genuine issues and material facts. Correct, Judge. If they had, I would have responded to it. Even in the briefs? No. I mean, I don't know. If there was a specific fact, I mean, they don't even identify a specific lien. Which lien? There's four of them. Is it the first lien, the second lien, the third lien, the fourth lien? Which lien is it? What particular work are you saying wasn't done? If it's attorneys, which affidavit attorneys are you challenging? What work do you think wasn't performed or was overcharged? But they haven't. They haven't. I mean, I don't know. You can't respond when you don't know what you're responding to. I recognize your passion. It's just frustrating. I think it's mostly frustration. You know, this case has gone on long enough, and I feel like. . . So what relief are you asking for today? Affirm the motion. Affirm the judgment order. Okay. And what about is there still a motion to stay in place? There is. And is that before us, do you think? Well, Your Honor, I've asked that that stay be rescinded about 14 times, I feel like. It is in place. As you know, the property was sold. That's not before this court. If the judgment is affirmed, then the sale will be closed, and this case will finally come to an end. What about the stay? If the stay is in effect, how do you accomplish the sale? Well, I think the stay is only in effect while this case is pending. Once the court makes a ruling, the stay automatically goes away. Okay. So you're asking that this court affirm the orders of the drug court? Correct. And if they so choose to say the stay is completed, I believe that just by operation of law that the stay is completed once the court makes a ruling. Okay. I don't remember whether there's a motion that has not been ruled on in this case regarding the stay. Do you know that? There is not, Judge. It gets ruled on. Correct. Okay, I thought so. I apologize. I know there's been a lot of motion practice. And I'm newer to this matter, and I don't know if there's a term of the stay other than just during the pendency of this action, I would assume.  The court would no longer have jurisdiction to have the stay once the order is entered. Right. That's why I asked. Okay. Thank you very much for your arguments here today. Ms. Fitch, do you have some response? Thank you.  You're in a tough spot. How many fourth lawyer involved? Fourth or fifth. Okay. Yes. I'm a lawyer. What do you have to say about the fact that your clients have never filed a specific affidavit that raises the genuine issue of which lien, how much, when the work was performed, et cetera? There were documents that were filed. I believe, if I recall correctly, that they were attached to the motion to reconsider. Some of them were invoices.  Yes. Yes. And I think some of the documents, counsel referred to the prior case of the 2020 MR case. Part of the issue is that that case is not before this court. Is that the case that was before this court? The 2020 MR? Yes, it was. And it had already been done. And I was not involved in that case. When the trial court ruled on the motion for summary judgment, it considered the liens. Essentially, there was an affidavit that said, here's the liens, and these liens are valid. Therefore, we should get summary judgment. But I think the trial court is required to do more than that, more than just a summary, a conclusive statement. Not unless you bring something to their attention. I mean, the court only has before what's before it. So unless your client brings something contesting the specific lien or the process of the lien, whatever it is, because I don't know, that's the burden on your client. Do you not agree with that? I would agree. Okay. And it seems like when they filed the Betty affidavit, that wasn't you, right?  There was an attempt to raise some issue, how inartful it was. But it doesn't really specify what the genuineness of material theft is in the Betty affidavit. You disagree with me. That's okay. You can disagree with me. I would say they were perhaps more general statements as to the issues. And counsel argues that we need to outline the exact issue and the exact lien very narrowly what the issues are. And that's probably best practice. But I think even if they're generally discussed, if that raises an issue, then I think that summary judgment should still be denied. Okay. What else do you need to say to us before your time expires? Just with regard to the motion to reconsider, maybe a point of clarification that there were two issues that were brought. One was that there were new facts presented, at least to counsel, but also challenging the application of the law. And that was what was mentioned for the standard of review. So I think, to be fair, counsel and I are probably both correct with regard to the if it's an application or misapplication of the law, then the standard of review would be de novo. If it's with regard to new facts, then I believe it would be an abuse of discretion. Okay. Just a second.  No, thank you. Thank you very much. Thank you. Thank you, Ms. Wade, as well, for your arguments here today. For the benefit of your clients, the arguments have concluded regarding counsel. This matter will be taken under advisement, and we will issue an order in due course at some point in the future, if that means. Hopefully not too long. But the court is busy, I'm going to warn you, so it won't be tomorrow. But have a good day.